748

Suzan Gail **LEFFEL** and Susan
Ann Pranke, Plaintiffs,

v.

**WISCONSIN INTERSCHOLASTIC ATH-
LETIC ASSOCIATION et al.,**
Defendants.

No. 75–C–174.

United States District Court,
E. D. Wisconsin.

June 25, 1975.

Edhlund & Bales by Sara Joan Bales, Milwaukee, Wis., for plaintiffs.

Peickert, Anderson, Fisher, Shannon & O'Brien by Thomas W. Bertz, Stevens Point, Wis., for WIAA & Roberts.

Morris, Vauden, Heuvel & Basten by William F. Morris, DePere, Wis., for Growt.

Condon & Hanaway by Donald J. Hanaway, Green Bay, Wis., for other defendants.

Bronson C. LaFollette, Atty. Gen. by John W. Calhoun, Madison, Wis., for Barbara Thompson, Supt. of Public Instruction.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant Barbara Thompson has moved to dismiss this action as to her on the ground that the complaint does not state a claim against her upon which relief can be granted.

The movant is the state superintendent of public instruction and the complaint charges that she "approves schools for eligibility in the WIAA by certifying that the school is wholly supported by taxation." While there are a few other references to the defendant Thompson, it is clear that the gravamen of the plaintiffs' charges against the defendant Thompson relate to her alleged failure to exercise her constitutional and statutory authority to supervise the operation of the public schools in such manner as to prevent the challenged rule of the WIAA from applying in Wisconsin high school athletics. Asserting that the department of public instruction has a close working relationship with the WIAA, the plaintiffs argue in their brief that:

> "This failure of the defendant to act affirmatively to end the discriminatory practices of the WIAA, in circumstances where there exists clear statutory authority to do so, has contributed to the deprivation of plaintiffs' rights under the 14th amendment."

Even though the superintendent of public instruction may be "involved" with the WIAA, and even though she

may have participated in discussions pertaining to discrimination in athletic programs, I am persuaded that the complaint alleges no acts on her part which deprived the plaintiffs of due process of law. In performing her statutory duties, the state superintendent of public instruction is not charged with conduct which has denied to the plaintiffs an opportunity to compete in high school interscholastic athletics; this is true even if the complaint is given a liberal construction. On the other hand, pursuant to *Lucas v. Wisconsin Electric Power Co.*, 466 F.2d 638 (7th Cir. 1972), the complaint reflects a sufficient nexus between the state officers and the other defendants to warrant a finding of "state action".

Therefore, it is ordered that the motion of the defendant Barbara Thompson to dismiss this action as to her be and hereby is granted.